IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No.: 1:24-cv-01847-SKC-NRN

SANCTUARY FIELD NEIGHBORHOOD NETWORK,
a Colorado Nonprofit Corporation, *et al.*,

    Plaintiffs,

v.

PHILIP J. WEISER, Attorney General of Colorado in his official capacity, *et al.*,

    Defendants.

---

**ORDER RE: TWO MOTIONS TO DISMISS (DKTS. 41 & 42) AND
MOTION FOR PRELIMINARY INJUNCTION (DKT. 47)**

---

This case arises from Plaintiffs' constitutional challenge to a Colorado law that contains a one-way attorney fees provision that seemingly works a detriment to state citizens who challenge a locality's land use decisions, even when they prevail. Plaintiffs challenge the constitutionality of Colo. Rev. Stat. § 13-51.5-104, which provides, "[t]he court shall award reasonable attorney fees to a prevailing governmental entity in any action for judicial review of a local land use decision involving residential use with a net project density of five dwelling units per acre or more[.]" ("One-Sided Fee Provision"). Dkt. 28-1 (Second Amended Complaint, or

"SAC"), ¶1.[1] The One-Sided Fee Provision requires Colorado courts to award a local governmental unit its attorney fees if a citizen sues the locality to challenge its land use decision and the locality wins. Colo. Rev. Stat. § 13-51.5-104(1)(a). The locality, on the other hand, is not required to pay the challenger's attorney fees when the challenger wins. *Id.* And curiously, a developer who makes a Rule 106 challenge to the denial of a development permit is similarly not required to pay the locality's attorney fees. *Id.* at -104(1)(b). In other words, the statute lopsidedly imposes the risk of an adverse attorney fee award solely on individual citizens who exercise their Constitutional right to challenge a locality's land use decisions while the locality and developers dodge all risk of paying fees, lose or draw. *See id.* at -104(1).

For purposes of this Order, Plaintiffs are separated into three groups. The Larimer County Group includes Sanctuary Field Neighborhood Network and Miranda Spindel, who were plaintiffs in a Colo. R. Civ. P. 106 ("Rule 106") action filed in Larimer County District Court, *Sanctuary Field Neighborhood Network, et al. v. Council of the City of Fort Collins*, Case No. 2022CV30661 ("Larimer County Case"). *Id.* at ¶¶15-16. The Jefferson County Group includes Daniels Welchester Neighborhood Association, who was the plaintiff in a Rule 106 action filed in Jefferson

---

[1] While the Court granted Plaintiffs' Motion for Leave of Court for Plaintiffs to File Their Second Amended Complaint for Injunctive Relief (Dtk. 28), Plaintiffs never independently docketed the SAC. *See* Dkt. 33 (Order granting relief to file SAC). Thus, the Court treats the SAC filed at Dkt. 28-1 as the operative complaint.

2

County District Court, *Daniels Welchester Neighborhood Association, et al. v. Jeffco Board of County Commissioners, et al.*, Case No. 2024CV30042 ("Jefferson County Case"). *Id.* at ¶17. And the last is the El Paso County Group that includes Westside Watch, Michael Wemple, and Integrity Matters, who were plaintiffs in *Wemple, et al. v. City of Colorado Springs*, filed in El Paso County District Court, Case No. 2023CV031679 ("El Paso County Case"). *Id.* at ¶¶18-20; Dkt. 42, p.3 n.3.

In the instant case, Plaintiffs sue Philip J. Weiser, in his official capacity as Attorney General of Colorado, Jared S. Polis, in his official capacity as Governor of Colorado (Polis and Weiser are collectively the "State Defendants"), and the City of Colorado Springs. The State Defendants filed a Motion to Dismiss ("State MTD") (Dkt. 42), to which Plaintiffs filed a response (Dkt. 43) and State Defendants filed a reply (Dkt. 46). The State MTD challenges this Court's subject matter jurisdiction arguing Eleventh Amendment immunity applies, Plaintiffs lack standing, and their claims are not ripe. Dkt. 42, pp.5-13. They alternatively argue the Court should abstain under the *Pullman* and *Younger* abstention doctrines. Colorado Springs also filed a Motion to Dismiss ("CS MTD") (Dkt. 41). Plaintiffs filed a response (Dkt. 44), and Colorado Springs filed a reply (Dkt. 45). The CS MTD challenges under Fed. R. Civ. P. 12(b)(1) this Court's subject matter jurisdiction focusing on Plaintiffs' alleged lack of standing and mootness.

Plaintiffs also filed a renewed Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction and a Trial on the Merits Under Fed.

3

R. Civ. Proc. 65(a)(2) ("PI Motion") (Dkt. 47). Colorado Springs filed a response (Dkt.59) as did the State Defendants (Dkt. 60). Plaintiffs filed a reply (Dkt. 61). The parties generally recycle their arguments from the MTDs and argue whether Plaintiffs met the standard for issuance of a preliminary injunction.

The Court has reviewed all the briefing, the docket, and the relevant law. No hearing is necessary. Plaintiffs allege the Court has jurisdiction under, *inter alia*, 28 U.S.C. § 1331. Dkt. 28-1, ¶12. As explained below, however, the Court finds it does not have subject matter jurisdiction. Thus, it grants both MTDs, denies the PI Motion as moot, and dismisses this case, without prejudice.

### A. LEGAL PRINCIPLES

Federal courts, as courts of limited jurisdiction, must have a statutory basis for their jurisdiction. *See Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)). Under Federal Rule of Civil Procedure 12(b)(1), the court may dismiss a complaint for lack of subject matter jurisdiction. The determination of a court's subject matter jurisdiction is a question of law. *Madsen v. United States ex rel. U.S. Army, Corps of Eng'rs*, 841 F.2d 1011, 1012 (10th Cir. 1987). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

A motion to dismiss for lack of subject matter jurisdiction may take two forms.

4

*See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). It may facially attack a complaint's allegations or it may challenge the facts upon which subject matter jurisdiction depends. *Id.* at 1002-1003. "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "The district court is given discretion in determining the procedure to employ in considering a motion to dismiss for lack of jurisdiction . . . ." *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992) (quoting *Ten Mile Indus. Park v. Western Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987)).

### B. FACTUAL BACKGROUND

Because both MTDs make facial challenges to this Court's subject matter jurisdiction, the Court accepts as true the SAC's well-pleaded allegations for purposes of its analysis. Dkt. 42, p.4; *see also* Dkt. 41, pp.2-4. The Court may also take judicial notice of facts in the public record. *Lucero v. City of Aurora*, No. 23-cv-00851-SKC-SBP, 2025 WL 661639, at *3 (D. Colo. Feb. 28, 2025) (citation omitted).

Rule 106 of Colorado's civil procedure rules provides for judicial review of land use decisions rendered by local governments. Colo. R. Civ. P. 106(a)(4); *see also* Dkt. 28-1, ¶¶24-25. The One-Sided Fee Provision, signed into law May 30, 2024, alters the potential exposure citizens may have to an adverse award of attorney fees if they lose in a Rule 106 proceeding. *Id.* at ¶¶1-2. Plaintiffs claim the One-Sided Fee Provision has negatively affected them because of their perceived risk of incurring an

adverse fee award even if their cases have merit and are not frivolous. *Id.* at ¶¶7, 69.

All Plaintiffs previously filed a Rule 106 action in state court (in different counties) before the One-Sided Fee Provision took effect, and those actions were each in different stages as of the time the parties briefed this matter. *See, e.g.*, *id.* at ¶54; Dkt. 43, p.4; Dkt. 46, p.9; Dkt. 44, p.5; Dkt. 41-3.

### C. ANALYSIS

With careful consideration of the parties' respective arguments, the Court ultimately finds Eleventh Amendment immunity divests it of jurisdiction over the State Defendants. And mootness and lack of standing are bars to Plaintiffs' claims against Colorado Springs.

**1. Eleventh Amendment Immunity**

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. It "declares a policy and sets forth an explicit limitation on federal jurisdictional power . . . ." *Sutton v. Utah State Sch. For Deaf & Blind*, 173 F.3d 1226, 1231 (10th Cir. 1999) (quoting *Ford Moter Co. v. Dep't of Treasury of Ind.*, 323 U.S. 459, 467 (1945)). The Eleventh Amendment "bars suits against states in federal court."[2] *Id.* at 1231-32 (citation omitted). And an official

---

[2] The Eleventh Amendment does not apply in state courts. *Hilton v. S.C. Pub. Rys. Comm'n*, 502 U.S. 197, 204-05 (1991) (quoting *Will v. Mich. Dept. of State Police*, 491

capacity claim against a government officer is considered a claim "against the government that employs that officer." *See Strepka v. Miller*, 28 F. App'x 823, 828 (10th Cir. 2001). While this immunity is subject to exceptions, it is undisputed Colorado has not waived its Eleventh Amendment immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988) (holding the Colorado Governmental Immunity Act, Colo. Rev. Stat. § 24-10-101, *et seq.*, does not waive the State's Constitutional immunity).

Plaintiffs argue the *Ex parte Young* exception applies to allow this federal suit against the State Defendants to proceed. *See, e.g.,* Dkt. 47, pp.3-5. "Under the *Ex parte Young* exception, a plaintiff may sue individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks only prospective relief." *Hendrickson v. AFSCME Council 18*, 992 F.3d 950, 965 (10th Cir. 2021) (citing *Ex parte Young*, 209 U.S. 123, 159-160 (1908)). This requires, however, "that the state official 'have a particular duty to "enforce" the statute in question and a demonstrated willingness to exercise that duty.'" *Id.* (quoting *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 828 (10th Cir. 2007) (quoting *Ex parte Young*, 209 U.S. at 157)). A *general* duty to enforce the law does not satisfy the level of duty required for the *Ex parte Young* exception to apply. *Id.* (quoting 13 Charles Alan Wright & Arthur R. Miller, Federal Practice and

---

U.S. 58, 63-64 (1989)).

Procedure § 3524.3 (3d ed., Oct. 2020 update)).

While Plaintiffs argue they seek only prospective relief, *i.e.*, a ruling the One-Sided Fee Provision violates the Constitution, they fail to demonstrate either Polis or Weiser has anything beyond a general duty to enforce the law. They argue the governor "carries the ultimate authority to enforce all laws within Colorado." Dkt. 43, p.13. But the cases they rely on don't address Eleventh Amendment immunity and further look to state cases where the Amendment has no effect. *See Cooke v. Hickenlooper*, No. 13-CV-01300-MSK-MJW, 2013 WL 6384218, at *8 (D. Colo. Nov. 27, 2013), aff'd in part sub nom. *Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537 (10th Cir. 2016) (citing *Developmental Pathways v. Ritter*, 178 P.3d 524, 529 (Colo. 2008)). Or they cite authority in which the state waived its Eleventh Amendment immunity. *See Rocky Mountain Gun Owners v. Polis*, No. 23-cv-01076-PAB-NRN, Dkt. 25, p.8 n.4 (D. Colo. Aug. 7, 2023) (Polis "waives his Eleventh Amendment immunity"); *cf. Miller v. Bonta*, 646 F. Supp. 3d 1218 (S.D. Cal. 2022) (California governor affirmatively intervened as a defendant and Eleventh Amendment immunity wasn't raised).

Plaintiffs also cite *Wildgrass Oil & Gas Comm. v. Colorado*, 447 F. Supp. 3d 1051 (D. Colo. 2020), aff'd, 843 F. App'x 120 (10th Cir. 2021), for support that they can sue Polis here. But with due respect to that sister court, this Court disagrees with *Wildgrass Oil*'s reasoning. The district court in *Wildgrass Oil* relied on state cases to find the governor a proper party in federal court. *Id.* at 1061. But the Eleventh

8

Amendment has no effect in state court, so of course Colorado state courts find Polis a proper defendant there. *Hilton*, 502 U.S. at 204-05. Thus, *Wildgrass Oil* is not persuasive.

The Court instead finds decisive the fact the One-Sided Fee Provision makes a fee award mandatory on the Colorado courts. Colo. Rev. Stat. § 13-51.5-104. Polis has no direct authority to order fees under the statute. *Cf. Hendrickson*, 992 F.3d at 965 (state official must have particular duty to enforce and demonstrated willingness to exercise that duty). And because the State is not a party to a Rule 106 action—a local government is—the State is not the recipient of any attorney fees awarded under the challenged provision. *Cf. id.* at 964-66 (finding New Mexico governor and attorney general are not proper parties under *Ex parte Young* because a different state agency has enforcement responsibility).

The same holds true for Weiser. Plaintiffs point to Weiser's general role as "legal counsel and adviser of each department, division, board, bureau, and agency of state government . . . ." Dkt.43, p.11 (quoting No. 80-70 Op. Att'y Gen. of Colo. (1980) (found at Dkt. 43-2)). But as with Polis, this authority is not specific enough. Indeed, Plaintiffs concede "Weiser does not 'control' the judicial branch;" they claim "his job is to 'advise' the judicial branch, including upon matters of constitutionality" and he "has the authority to write an opinion of the Attorney General stating that HB24-1107 is unconstitutional." *Id.* But the fact Weiser might merely write an opinion that the One-Sided Fee Provision is unconstitutional, rather than direct a local

9

governmental unit or the Colorado judicial branch not to enforce it, itself concedes that Weiser is not the correct defendant here.

Under the circumstances before the Court, the Court finds Polis and Weiser each are entitled to Eleventh Amendment immunity, and thus, the Court lacks subject matter jurisdiction over Plaintiffs' claims against them.[3] Having determined Eleventh Amendment immunity applies to the State Defendants, the Court does not address the State Defendants' other arguments.

### 2. Mootness and Standing Regarding Colorado Springs

The El Paso County Case is closed and Colorado Springs neither sought nor was awarded attorney fees from the El Paso County Plaintiffs. *See generally* Dkt. 41-3. And neither of the other Plaintiff groups filed a Rule 106 action against Colorado Springs. Thus, this Court finds the El Paso County Plaintiffs' claims are moot, and the Larimer and Jefferson County Plaintiffs do not have standing against Colorado Springs. The latter groups lack standing because there are no factual allegations establishing a case or controversy involving them and Colorado Springs or

---

[3] This is not to say Plaintiffs have no redress. "[A]s we have stated on many occasions, 'the Eleventh Amendment does not apply in state courts.'" *Hilton*, 502 U.S. at 204-05 (quoting *Will*, 491 U.S. at 63-64); *see also Developmental Pathways*, 178 P.3d at 529; *Churchill v. Univ. of Colo. at Boulder*, 285 P.3d 986, 1005-06 (Colo. 2012) (addressing First Amendment rights in context of Rule 106 action); *Curious Theatre Co. v. Colo. Dep't of Pub. Health & Env't*, 220 P.3d 544, 545-46 (Colo. 2009) (addressing preliminary injunction arguing state statute violated plaintiffs' First Amendment rights).

establishing they suffered any actual or threatened injury from Colorado Springs.

Regarding the El Paso County Plaintiffs, the mootness doctrine is grounded in Article III's limitation on federal courts' subject matter jurisdiction. *See* U.S. Const. art. III, § 2, cl. 1. "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). "The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction." *Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011) (citing 15 James W. Moore & Martin H. Redish, Moore's Federal Practice § 101.90, at 101–237 (3d ed. 2010)).[4]

Here, Colorado Springs prevailed in the El Paso County Case and never sought its attorney fees. Dkts. 41-3, -5.[5] And the appeal period expired without anyone filing an appeal. *See id.* While the El Paso County Plaintiffs argue the uncertainty of the One-Sided Fee Provision resulted in their not appealing the case, the Court

---

[4] Although the Court finds it inapplicable here, the Court notes the voluntary cessation exception to mootness prevents a defendant from automatically mooting a case simply by ending its unlawful conduct once sued. *Prison Legal News v. Fed. Bureau of Prisons*, 944 F.3d 868, 880 (10th Cir. 2019).

[5] The parties disagree over whether the One-Sided Fee Provision applies prospectively or retrospectively and how it might apply to a case such as the El Paso County Case that was initiated prior to enactment of the One-Sided Fee Provision but which resolved after its enactment. These arguments have no bearing on the Court's rulings herein.

nevertheless finds their claims here are moot, thus depriving them of standing. Having found their claims moot, the Court does not decide their other arguments.

\*   \*   \*

For the reasons shared above, the Court ORDERS:

1) The State MTD (Dkt. 42) is GRANTED;

2) The CS MTD (Dkt. 41) is GRANTED;

3) The PI Motion (Dkt. 47) is DENIED as moot;

4) This matter is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction;[6] and

5) The Clerk of Court shall terminate this action.

DATED: September 30, 2025.

BY THE COURT:

S. Kato Crews
United States District Judge

---

[6] Under Colo. Rev. Stat. § 13-80-111(1), if claims are properly commenced within the statute of limitations and involuntarily dismissed because of lack of jurisdiction, the plaintiff "may commence a new action upon the same cause of action within ninety days after the termination of the original action or within the period otherwise allowed by this article, whichever is later." *See also Artis v. D.C.*, 583 U.S. 71, 74-75 (2018) (holding that 28 U.S.C. § 1367(d) tolls the statute of limitations for state law claims asserted under § 1367(a) during the pendency of the federal litigation in which such claims are brought and for thirty days following involuntary dismissal of those claims on jurisdictional grounds).